UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **TRUSTEES OF THE SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS PENSION PLAN**<br>6100 Oak Tree Boulevard, Suite #190<br>Independence, OH 44131<br><br>**TRUSTEES OF THE OHIO CARPENTERS' HEALTH FUND**<br>700 Tower Drive, Suite #300<br>Troy, MI 48098<br><br>**TRUSTEES OF THE INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION PLAN**<br>6100 Oak Tree Boulevard, Suite #190<br>Independence, OH 44131<br><br>**TRUSTEES OF THE OHIO CARPENTERS JOINT APPRENTICESHIP & TRAINING TRUST FUND**<br>361 Breaden Drive<br>Monroe, OH 45050<br><br>**TRUSTEES OF THE CARPENTERS INTERNATIONAL TRAINING FUND**<br>204 North Garver Road<br>Monroe, OH 45050<br><br>**TRUSTEES OF THE CONSTRUCTION ADVANCEMENT PROGRAM OF GREATER CINCINNATI**<br>3 Kovach Drive<br>Cincinnati, OH 45215<br><br>**INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS**<br>204 North Garver Road<br>Monroe, OH 45050<br><br>  **Plaintiffs,** | Case No. |

**v.**

**KARNAK CONCRETE LLC**
319 W. 4th St.
Cincinnati, OH, 45206

  **Defendant.**

# COMPLAINT

  1. Plaintiffs are the trustees of multiemployer benefit plans and labor organizations (collectively, "the Funds"). Defendant Leigh's Services LLC is a limited liability company, and is an employer that is obligated to make contributions to the Plaintiffs based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Plaintiffs' Funds for the purpose of collecting contributions and other amounts due to the Funds.

## JURISDICTION AND VENUE

  2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the breach occurred within the jurisdiction of the U.S. District Court, Southern District of Ohio.

## THE PARTIES

4. Plaintiffs, Trustees of the Ohio Carpenters' Health Fund ("Health Fund Trustees"), are the fiduciaries of the Ohio Carpenters' Health Fund ("Health Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Health Fund resides in Southern Ohio, and is administered at 700 Tower Drive, Suite #300, Troy, Michigan 48098.

5. Plaintiffs, Trustees of the Southwest Ohio Regional Council of Carpenters Pension Plan ("Pension Plan Trustees"), are the fiduciaries of the Southwest Ohio Regional Council of Carpenters Pension Plan ("Pension Plan"), a multiemployer, employee benefit plan and employee pension benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); and ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Pension Plan resides in Southern Ohio, and is administered at 6100 Oak Tree Boulevard, Suite #190, Independence, Ohio 44131.

6. Plaintiffs, Trustees of the Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Plan ("DC Plan Trustees"), are the fiduciaries of the Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Plan ("DC Plan"), a multi-employer, employee benefit plan and employee pension benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The DC Plan is the successor by merger into the

3

Millwright Annuity Fund. The DC Plan resides in Southern Ohio, and is administered at 6100 Oak Tree Boulevard, Suite #190, Independence, Ohio 44131.

7.       Plaintiffs, Trustees of the Ohio Carpenters Joint Apprenticeship & Training Trust Fund ("Apprenticeship Fund Trustees"), are the fiduciaries of the Ohio Carpenters Joint Apprenticeship & Training Trust Fund ("Apprenticeship Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Apprenticeship Fund maintains its principal place of business at 361 Breaden Drive, Monroe, Ohio 45050.

8.       Plaintiffs, Trustees of the Carpenters National Training Fund ("National Training Fund Trustees"), are the fiduciaries of the Carpenters National Training Fund ("National Training Fund"), a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The National Training Fund is administered at 204 North Garver Road, Monroe, Ohio 45050.

9.       Plaintiff, Construction Advancement Program of Greater Cincinnati ("Advancement Program") is a multiemployer, employee benefit plan and employee welfare benefit plan within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A); ERISA § 3(3), 29 U.S.C. § 1002(3); ERISA § 3(1)(A), 29 U.S.C. § 1002(1)(A). The Advancement Program maintains its principal place of business at 3 Kovach Drive, Cincinnati, Ohio 45215.

10.      Plaintiff, Indiana/Kentucky/Ohio Regional Council of Carpenters ("Union") is a labor organization as defined in Section 2(5) of the LMRA, 29 U.S.C. § 152(5), and an employee organization as defined by ERISA § 3(4), 29 U.S.C. § 1002(4). The Union represents employees

for the purpose of collective bargaining in an industry affecting commerce as defined in Section 2(7) of the LMRA, 29 U.S.C. § 152(7); and ERISA § 3(12), 29 U.S.C. § 1002(12). The Union maintains its principal place of business at 204 North Garver Road, Monroe, Ohio 45050.

11. Defendant, Karnak Concrete LLC ("Karnak"), is an Ohio limited liability company. Defendant's principal place of business located in Cincinnati, Ohio. At all relevant times, Defendant was an employer as defined by LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## RELEVANT FACTS

12. The Pension Plan was established by an Amended Agreement and Declaration of Trust ("Pension Plan Trust Agreement") for the purpose of providing pension benefits. (Exhibit A, Pension Plan Trust Agreement, Article II, Sections 1, 8). The Pension Plan is an "employee pension benefit plan" as defined by ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A) and is a "multi-employer plan" as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

13. The Pension Plan is administered by the Pension Plan Trustees, a joint board of trustees composed of an equal number of employee and employer representatives as required by LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Pension Plan Trustees act as the "plan sponsor" of the Pension Plan as defined by ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

14. The Health Fund was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement") for the purpose of providing health benefits to employees and beneficiaries. (Exhibit B, Health Fund Trust Agreement, Article II, Sections 1, 8). The Health Fund is an "employee welfare benefit plan" as defined by ERISA § 3(1)(A), 29 U.S.C § 1002(1)(A) and is a "multi-employer plan" as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A).

15. The Health Fund is administered by the Health Fund Trustees, a joint board of trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Health Fund Trustees act as the "plan sponsor" of the Health Fund as defined by ERISA § 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).

16. The Pension Plan Trustees and Health Fund Trustees are vested with the authority to collect employer contributions due to Pension Plan and Heath Fund. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 4; Exhibit B, Health Fund Trust Agreement, Article II, Section 4). Pursuant to this authority, the Pension Plan Trustees and Health Fund Trustees adopted a joint Collection and Delinquency Control Program ("Collection Policy"). (Exhibit C, Collection Policy).

17. On or about August 10, 2018, Karnak, through its President, executed a Memorandum of Agreement. (Exhibit D). Karnak's assent to the Memorandum of Agreement bound Karnak to the terms of the Southwest Ohio Carpenters' Agreement dated June 1, 2017, and any modifications or renewals thereof. (Exhibit D).

18. As a signatory contractor to the CBA, Karnak is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, DC Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program, in addition to other employee benefit funds. (collectively, the "Funds") (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

19. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Karnak has failed or otherwise neglected to submit reports and remit contributions for the period of November 2019 through present day.

6

20. As a result of Karnak's conduct, Karnak is liable to Plaintiffs for delinquent contributions, liquidated damages, and accruing interest for the period of November 2019 forward and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and LMRA § 301, 29 U.S.C. § 185.

## COUNT I

### Failure to Remit Contributions/Reports
### ERISA § 515, 29 U.S.C. § 1145

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. As a signatory contractor to the CBA, Karnak is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, DC Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program, in addition to other employee benefit funds. (Exhibit D; Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

23. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

24. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

7

25. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Karnak has failed or otherwise neglected to submit reports and remit contributions to Plaintiffs for the period of November 2019 forward.

26. Karnak's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and therefore Plaintiffs are entitled to delinquent contributions, liquidated damages, and accruing interest for the period of November 2019 forward and reasonable attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

27. Plaintiffs are unable to calculate their damages under this Count until such time as Karnak submits true and accurate reports of hours worked from November 2019 forward, or until Plaintiffs conduct an audit of Karnak's books and records.

## COUNT II

### Breach of Contract & Failure to Remit Contributions/Reports
### LMRA § 301, 29 U.S.C. § 185

28. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

29. As a signatory contractor to the CBA, Karnak is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, DC Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program, in addition to other employee benefit funds. (Exhibit D; Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

30. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the

8

applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

31. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

32. Despite having an obligation to submit hours worked reports and remit contributions to Plaintiffs, Karnak has failed or otherwise neglected to submit reports and remit contributions to Plaintiffs for the period of November 2019 forward.

33. Defendant's actions are in violation of the CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, attorney's fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

34. Plaintiffs are unable to calculate their damages under this Count until such time as Karnak submits true and accurate reports of hours worked from November 2019 forward, or until Plaintiffs conduct an audit of Karnak's books and records.

### COUNT III

### Failure to Pay Liquidated Damages and Interest
### ERISA § 515, 29 U.S.C. § 1145

35. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

36. As a signatory contractor to the CBA, Karnak is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program on or before the 20th day of the month following the month in

9

which the work was performed. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 76, Article XIII at ¶¶ 101, 104, Article XIV at ¶ 105, Article XX at ¶ 122).

37. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

38. The Collection Policy provides that in the event a signatory employer is delinquent in contributing to the fringe benefit funds and the matter is referred to counsel for collection, the employer is obligated to pay liquidated damages of 20% of the amount of the unpaid contributions, along with simple interest at the rate of 1% per month on the unpaid contributions, beginning from the due date, plus attorney's fees and court costs. (Exhibit C, Collection Policy, Sections C, D).

39. The Collection Policy further provides that in the event an audit of a signatory employer's payroll records reveals that the amount contributed by the employer was at least 5% less than the amount due and owing, the employer will be responsible for the full expenses of the audit. (Exhibit C, Collection Policy, Section F).

40. Under the terms of the Collection Policy and 29 U.S.C. §1132(g), Defendant is liable to Plaintiffs for all unpaid contributions, liquidated damages, interest, audit expenses, and attorney's fees and costs.

41. As a result of the late payment of contributions due for the months of August, September, and October 2019, Defendant is liable for liquidated damages and interest in an amount of not less than $1,067.67.

42. Additionally, Defendant has failed or otherwise neglected to remit contribution payments for work performed in November 2019 forward, thereby rendering the contributions delinquent. Liquidated damages and interest due for these work months will be calculated at the earlier of the receipt of the contributions, or Plaintiffs' dispositive motion or trial.

43. Defendant's actions are in violation of ERISA § 502, 515, 29 U.S.C. § 1132, 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV

### Breach of Contract & Failure to Pay Liquidated Damages and Interest
### LMRA § 301, 29 U.S.C. § 185

44. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

45. As a signatory contractor to the CBA, Karnak is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program on or before the 20th day of the month following the month in which the work was performed. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 76, Article XIII at ¶¶ 101, 104, Article XIV at ¶ 105, Article XX at ¶ 122).

46. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy

11

requires signatory employers to make fringe benefit contributions on or before the 20th day of the month following the month in which the work was performed. (Exhibit C, Collection Policy, Section A.(1)).

47. The Collection Policy provides that in the event a signatory employer is delinquent in contributing to the fringe benefit funds and the matter is referred to counsel for collection, the employer is obligated to pay liquidated damages of 20% of the amount of the unpaid contributions, along with simple interest at the rate of 1% per month on the unpaid contributions, beginning from the due date, plus attorney's fees and court costs. (Exhibit C, Collection Policy, Sections C, D).

48. The Collection Policy further provides that in the event an audit of a signatory employer's payroll records reveals that the amount contributed by the employer was at least 5% less than the amount due and owing, the employer will be responsible for the full expenses of the audit. (Exhibit C, Collection Policy, Section F).

49. Under the terms of the Collection Policy and 29 U.S.C. §1132(g), Defendant is liable to Plaintiffs for all unpaid contributions, liquidated damages, interest, audit expenses, and attorney's fees and costs.

50. As a result of the late payment of contributions due for the months of August, September, and October 2019, Defendant is liable for liquidated damages and interest in an amount of not less than $1,067.67.

51. Additionally, Defendant has failed or otherwise neglected to remit contribution payments for work performed in November 2019 forward, thereby rendering the contributions delinquent. Liquidated damages and interest due for these work months will be calculated at the earlier of the receipt of the contributions, or Plaintiffs' dispositive motion or trial.

12

52. Defendant's actions are in violation of CBA, Trust Agreement, and Collection Policy, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT V

### Order Compelling Payroll Audit
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)

53. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully rewritten herein.

54. As a signatory contractor to the CBA, Karnak is obligated to submit hours worked reports and remit contributions based upon the number of hours worked by covered employees, to the Pension Plan, Health Fund, Annuity Plan, Apprenticeship Fund, International Training Fund, and the Advancement Program, in addition to other employee benefit funds. (Exhibit D; Exhibit E, Southwest Carpenters' CBA, Article XI at ¶ 75, Article XIII at ¶¶ 94, 97, 100, 104-105, Article XX at ¶ 121).

55. The Trust Agreements are incorporated by reference in the CBA. (Exhibit E, Southwest Carpenters' CBA, Article XI at ¶¶ 77-78, Article XIII at ¶¶ 96, 99, 100, 104). The Trust Agreements require that employers remit contributions in accordance with the terms of the applicable CBA. (Exhibit A, Pension Plan Trust Agreement, Article II, Section 2; Exhibit B, Health Fund Trust Agreement, Article II, Section 2).

56. Pursuant to the authority granted in the Trust Agreements, the Pension Plan Trustees and Health Fund Trustees adopted a Collection Policy. (Exhibit C, Collection Policy). The Collection Policy provides that Defendant may be subjected to payroll audits as may be deemed appropriate. (Exhibit C, Collection Policy, Section E).

57. Plaintiffs have no way of verifying, absent an audit, the number of hours worked and wages paid to Defendant's employees from and after November 2019. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest for work performed during that time period.

58. In accordance with the terms of the CBA and Trust Agreements, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment against Defendant requiring Defendant to submit to a payroll audit to determine the amounts due and owing to Plaintiffs;

B. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of November 2019 to the present, in an amount to be determined;

C. Judgment on behalf of Plaintiffs and against Defendant for interest and liquidated damages on delinquent for the period of October 2019 and earlier, in an amount to be determined, but not less than $1,067.67;

D. Judgment on behalf of Plaintiffs and against Defendant for interest and liquidated damages on delinquent contributions for the period November 2019 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

E. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

F. Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

G. Judgment against the Defendant for audit expenses, in accordance with the terms of the Collection Policy;

H. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D);

I. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

J. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

          Respectfully submitted,

          LEDBETTER PARISI LLC

          /s/ Stephen P. Nevius
          Stephen P. Nevius (OH #0092598)
          Thomas R. Kendall (OH #0080996)
          5078 Wooster Rd., Suite 400
          Cincinnati, OH 45226
          (937) 619-0900 (ph)
          (937) 619-0999 (fax)
          snevius@fringebenefitlaw.com
          tkendall@fringebenefitlaw.com
          *Attorney for Plaintiffs*