UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS PENSION PLAN, *et al.*, | : : : | Case No. 1:20-cv-274 |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| KARNAK CONCRETE LLC, | : : | |
| Defendant. | : | |

**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. 12); AND (2) ORDERING PLAINTIFFS TO SUPPLEMENT THE MOTION WITH EVIDENCE SUPPORTING THE REQUEST FOR ATTORNEY FEES AND COSTS**

This case is before the Court on the motion of all Plaintiffs – Trustees of the Southwest Ohio Regional Council of Carpenters Plan, Trustees of the Ohio Carpenters Health Fund, Trustees of the Indiana/Kentucky/Ohio Regional Council of Carpenters Defined Contribution Pension Plan, Trustees of the Ohio Carpenters Joint Apprenticeship & Training Trust Fund, Trustees of the Carpenters International Training Fund, Trustees of the Construction Advancement Program of Greater Cincinnati, and the Indiana/Kentucky/Ohio Regional Council of Carpenters (collectively, "Plaintiffs") – for default judgment. (Doc. 12). Defendant Karnak Concrete LLC ("Karnak") did not respond.

## I. PROCEDURAL HISTORY

Plaintiffs filed this the Complaint (Doc. 1) against Karnak on April 8, 2020 pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA"). Karnak was served with a copy of the summons and Complaint on April 17, 2020 and the summons was returned as executed on April 20, 2020. (Doc. 4). Karnak was required serve an answer or otherwise respond to the Complaint no later than May 8, 2020. To date, no responsive pleading has been filed or served. On August 20, 2020, the Clerk properly entered default. (Doc. 11). On October 9, 2020, Plaintiffs filed the instant motion for default judgment. (Doc. 12).

## II. STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55(b)(2). Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and a party's application for default under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 U.S. Dist. LEXIS 86241, at *1 (E.D. Cal. Aug. 23, 2010) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319. 1323 (7th Cir. 1983)).

While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 U.S. Dist. LEXIS 62027, at *5 (E.D. Mich. June. 23, 2010). To do so, the civil rules "require that the party

2

moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enter.*, No. 2:07-cv-990, 2010 U.S. Dist. LEXIS 36756, at *1 (S.D. Ohio Mar. 12, 2010).

### III.  ANALYSIS

Plaintiffs move for default judgment and an award of damages pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), against Karnak in the amount of $21,690.58 for breaching a collective bargaining agreement and failing to contribute required amounts to a various pension and benefits plans under the agreement and its policies. Because Karnak defaulted, Plaintiffs factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Upon review of the record, the Court finds that default judgment is warranted. Karnak has made clear to the Court that it has no intention of defending this action. Based on the allegations in the Complaint, which the Court accepts as true, and the averments in the affidavit submitted in support of default judgment (Doc. 12-1, the "Stamatakos Affidavit"), the Court finds that Karnak breached the collective bargaining agreement to which it was a party; failed to submit reports and contributions as required under the agreement and in violation of ERISA § 515, 29 U.S.C. § 1145 (Doc. 1 at ¶¶ 21–27); breached trust agreements with the Plaintiffs (*id.* at ¶¶ 28–34); failed to pay liquidated damages and interest as required by policies under the collective bargaining agreement and pursuant to LMRA § 301, 29 U.S.C. § 185 (*id.* at ¶¶ 35–43); and failed to

3

remit contribution payments as required by agreements between the parties (*id.* at ¶¶ 44–52). With liability established, the Court must determine the extent of damages.

To ascertain a sum of damages, Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12cv962, 2012 U.S. Dist. LEXIS 116166, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 2:06-cv-487, 2007 U.S. Dist. LEXIS 3118, at *2 (S.D. Ohio Jan. 16, 2007).

Here, Plaintiffs seek $21,690.58 for Karnak's failure to pay contributions, liquidated damages, interest, and attorney fees and court costs. Plaintiffs' motion for default judgment attaches the Affidavit of Eryka Stamatakos, the Plaintiffs' plan administrator, to support the request for damages, and the Affidavit of Stephen Nevius, the Plaintiffs' attorney, to support the request for attorney fees and costs. (*See* Stamatakos Affidavit; Doc. 12-2, "Nevius Affidavit"). These damages, fees and costs are mandatory pursuant to ERISA § 502(g) when judgment is awarded to enforce ERISA § 515, as the Court did here.

The Stamatakos Affidavit calculates that Plaintiffs are entitled to $11,364.69 for amount of contribution owed; $3,226.72 for liquidated damages and interest for amounts owed from November 2019 through January 2020; and $1,067.67 for liquidated damages

4

for the months of August through October 2019. (Stamatakos Affidavit at ¶¶ 6–8). In total, the Court finds that the Stamatakos Affidavit clearly shows that the Plaintiffs are entitled to collect $15,659.08 from Karnak. (*Id.* at ¶¶ 6–8).

The Nevius Affidavit asserts reasonable attorney fees and costs at $5,631.50 and $400.00, respectively.[1] (Nevius Affidavit at ¶¶ 3–4). However, based on the affidavit, the Court cannot award attorney fees and costs at this time.

"To determine reasonable attorney's fees, courts begin multiplying 'a reasonable hourly rate' with 'the number of hours reasonably expended on the litigation' to obtain what is 'known as the lodestar.'" *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-CV-460, 2012 WL 1122892, at *3 (S.D. Ohio Apr. 3, 2012) (quoting *Dowling v. Litton Loan Servicing LP*, 320 Fed. Appx. 442, 446 (6th Cir.2009). "Courts 'indulge a 'strong presumption' that the lodestar 'represents a reasonable fee.'" *Id.* (quoting Dowling, 320 Fed. App'x at 446; then citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986)).

The Nevius Affidavit states $5,631.50 of attorney fees and $400.00 of costs were incurred, and that "in [his] professional opinion, the hours expensed, hourly rates, and total billings are reasonable." (Nevius Affidavit at ¶ 4). Unfortunately, with this statement alone, Plaintiffs failed to produce any evidence of the hourly rate charged, the number of hours reasonably expended, or reasonable costs incurred, relying solely on a conclusory affidavit by Counsel. Thus, at this time, the Court is unable to determine

---

[1] The Court recognizes that $400.00 is around the amount of a filing fee, yet Plaintiffs do not produce evidence nor does the Nevius Affidavit suggest that this amount is based on the filing fee.

whether the fee charged, the hours expended, or the costs incurred were reasonable. Accordingly, Plaintiffs are **ORDERED** to supplement the motion for default judgment with adequate evidence upon which the Court can award attorney fees within 21 days from the entry of this Order.

## IV. CONCLUSION

For these reasons, Plaintiffs' motion for default judgment (Doc. 12) is **GRANTED**. Judgment shall be entered in favor of Plaintiffs and against Defendant in the amount of $15,659.08. Attorney fees and costs will be awarded by separate entry following Plaintiffs' filing of a supplemental memorandum supported by evidence of such fees and costs as **ORDERED** here.

**IT IS SO ORDERED.**

Date:  2/9/2021                                                                   *s/ Timothy S. Black*
                                                                                         Timothy S. Black
                                                                                         United States District Judge